# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**APRIL M. RANKINS,** :

    **Plaintiff** : CIVIL ACTION NO. 3:15-0811

    v. : (JUDGE MANNION)

**CAROLYN W. COLVIN,** :
**Commissioner of Social Security,**

                                      :

    **Defendant**

                                      :

## **MEMORANDUM**

Pending before the court is the report of Magistrate Judge Gerald B. Cohn, which recommends that the decision of the Commissioner of Social Security denying the plaintiff's benefits under the Social Security Act, ("Act"), be vacated and the case be remanded to the Commissioner to develop the record fully, conduct a new administrative hearing and appropriately evaluate the evidence. (Doc. 20). Judge Cohn reviewed the record in this case pursuant to 42 U.S.C. §405(g) to determine whether there is substantial evidence to support the Commissioner's decision denying the plaintiff's claims for Supplemental Security Income, ("SSI"), and Disability Insurance Benefits, ("DIB"), under the Act, 42 U.S.C. §§401-433, 1382-1383. The defendant has filed objections to the report, (Doc. 21), to which the plaintiff has responded,

(Doc. 24)[1]. For the following reasons, the report and recommendation of Judge Cohn will be adopted and the plaintiff's appeal granted. The decision of the Commissioner will be vacated and the case remanded for further proceedings in accordance with Judge Cohn's report.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa.

---

[1]Judge Cohn has set forth the full procedural history of this case in his report. Since the Commissioner has not objected to it, it will not be repeated herein. Moreover, the facts of this case are thoroughly set forth in the briefs of the parties. (Doc. 11, Doc. 12, Doc. 18).

2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

As set forth in the record, the plaintiff applied for SSI and DIB alleging disability as of January 17, 2012. The plaintiff's claims were denied and, on September 12, 2013, a hearing was held before an administrative law judge, ("ALJ"). On September 25, 2013, the ALJ found that the plaintiff was not entitled to benefits. In rendering his decision, the ALJ found that, while the plaintiff had asthma and obesity which were severe impairments, she did not have an impairment which met or medically equal the severity of the impairments in the Regulations. The ALJ determined that the plaintiff had the residual functional capacity, ("RFC"), to perform sedentary work with specified limitations. The plaintiff requested a review of the ALJ's decision which was denied by the Appeals Council on February 27, 2015.

In his report, Judge Cohn finds that the only medical opinion in the record is from the plaintiff's treating physician, Dr. Bernstein, who has opined that she has disabling limitations. He further finds that the non-medical

3

evidence does not contradict this evidence. As a result, Judge Cohn determined that the only way for the ALJ to have rejected the treating source medical opinion was by lay reinterpretation of the medical evidence. To this extent, Judge Cohn finds that an ALJ may not reject a treating source medical opinion with only lay reinterpretation of medical evidence. Judge Cohn further finds that the ALJ failed to provide a sufficient reason to reject the treating source opinion and, therefore, recommends that the plaintiff's appeal be granted, the decision of the Commissioner be vacated, and the matter be remanded for further proceedings and proper evaluation of the medical opinions.

In support of his recommendation, Judge Cohn relies, in part, on the recent decision in Burns v. Colvin, 2016 WL 147269, ___ F.3d ___, (M.D.Pa. Jan. 13, 2016), which was adopted by the district court. In Burns, the two medical opinions of record, one of which was from a treating source, opined that the plaintiff was unable to perform any gainful employment. There was no medical opinion in the record which supported the ALJ's finding that the plaintiff could work. The court in Burns stated, "[i]n a slew of decisions, the Third Circuit holds that no reasonable mind would find that the ALJ's evidence to be adequate when the ALJ rejects every medical opinion in the record with only lay reinterpretation of medical evidence." Burns, 2016 WL 147269, at *1

(citations omitted). The court also referenced the "treating source rule" regarding the special deference which should be afforded to the medical opinion of a treating source. Id. The court essentially found that an ALJ's lay reinterpretation of medical evidence by itself does not provide substantial evidence for a finding that a claimant is not disabled when all of the medical opinions of record opine that the claimant is disabled. The Burns court further stated that binding precedent holds that an ALJ's lay reinterpretation of medical evidence, alone, does not constitute substantial evidence to reject a treating source medical opinion. Id. (citations omitted).; see also Frankenfield v. Bowen, 861 F.2d 405, 408 (3d Cir. 1988) (An ALJ can not reject medical findings by substituting his own medical judgments.).

    In this case, the only medical opinion in the transcript was from the plaintiff's treating physician, Dr. Bernstein, who opined that she had disabling limitations. Specifically, Dr. Bernstein opined that the plaintiff suffered from severe asthma, which would prevent her from performing the sitting and standing requirements of an eight-hour workday on a regular and continuing basis. He further opined that her condition would require her to be absent from work more than three times per month and that she would be off-task thirty percent of the time. In support of his opinion, Dr. Bernstein relied not only on the plaintiff's subjective complaints, but also upon objective findings.

Specifically, Dr. Bernstein noted observing wheezing upon examination that was at times "audible even without use of a stethoscope" and "air trapping". Dr. Bernstein noted that objective testing indicated "moderate obstructive ventilator defect with significant bronchodilatator effect," a "low ERV[2] likely due to obesity," and "mildly impaired" diffusion capacity. Respiratory disturbances were noted during a sleep study. Further, Dr. Bernstein noted that a "history of needing intubated and the pulmonary function testing" supported his opinion that the plaintiff's asthma was severe. The ALJ did not credit Dr. Bernstein's opinion; however, as discussed, the non-medical evidence does not contradict his opinion. With the restrictions found by Dr. Bernstein, a vocational expert testified at the plaintiff's administrative hearing that the plaintiff would be precluded from performing any work activity.

Dr. Bernstein's opinion contradicts findings of the ALJ, including those regarding the plaintiff's RFC. As plaintiff's treating physician, Dr. Bernstein's opinion is generally entitled to significant weight. In fact, the Third Circuit has "long accepted" that the findings of a treating physician "must [be] give[n] greater weight . . . than . . . the findings of a physician who has examined the claimant only once or not at all." Mason v. Shalala, 994 F.2d 1058, 1067 (3d

---

[2]Expiratory reserve volume. Medical Abbreviations: 8600 Conveniences at the Expense of Communications and Safety at 61 (6th ed. 1993).

Cir. 1993) (citations omitted). The regulations as well as the courts require the ALJ to "give good reasons for the amount of weight given to a treating physician's opinion." Fargnoli v. Massanari, 247 F.3d 34, 42-44 (3d Cir. 2001); see also 20 C.F.R. §404.1527(d)(2). A treating physician's opinion can be rejected by the ALJ based on contradictory medical evidence. See Frankenfield, 861 F.2d at 408. Additionally, "[t]he ALJ - not treating or examining physicians or State agency consultants - must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011).

Here, the court finds that the ALJ impermissibly rejected the opinion of Dr. Bernstein since, as Judge Cohn explains, it was well supported by objective medical findings, as well as Dr. Bernstein's treating notes and the plaintiff's subjective complaints. The ALJ failed to properly consider Dr. Bernstein's opinion in combination with other evidence in the record as a whole. "The ALJ must consider all relevant evidence when determining an individual's [RFC] in step four." Fargnoli, 247 F.3d at 41 (citations omitted). This evidence includes medical records, observations found during medical examinations, limitations of plaintiff as stated by the plaintiff and by others[3].

---

[3]The court notes that the defendant objects to Judge Cohn's recommendation that the ALJ be required to make credibility findings with
(continued...)

Id.

As noted by Judge Cohn in his report, there have been a number of cases in the Middle District in the very recent past in which claimants' appeals have been granted when an ALJ rejects a treating source medical opinion with only lay reinterpretation of medical evidence. The first of those cited by Judge Cohn, Brown v. Colvin, 2015 WL 7428579 (M.D.Pa. Nov. 23, 2015), was issued by the undersigned. In Brown, similar to the present case, the ALJ rejected the only medical assessment in the record addressing the plaintiff's RFC which was from his treating physician. Even though there was no other medical evidence in the record addressing the plaintiff's RFC, the ALJ found that the plaintiff could perform light work with limitations. This court found that the ALJ's determination was seemingly based upon his own assessment of the plaintiff's physical capabilities and agreed with Judge Cohn's finding that

---

³(...continued)
regard to third-party witnesses upon remand. Here, the court finds that the ALJ failed to make a proper credibility findings with regard to two third-party witnesses. See Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112 (3d Cir. 2000) (The Third Circuit "expect[s] the ALJ to address the testimony of such additional witnesses."); Peak v. Astrue, 2011 U.S. Dist. LEXIS 152837, at *32 (M.D. Pa. Jan. 24, 2011) (finding error when the ALJ acknowledged the plaintiff's spouse's statement, but did not articulate why his spouse's observations were not credible); O'Connor v. Astrue, 2012 WL 3697279, at *7 (M.D.Pa. Aug. 27, 2012) ("It is legal error for an administrative law judge to fail to consider third-party statements or testimony regarding the functional abilities of a claimant." (citing Burnett, 220 F.3d at 122)). Thus, the defendant's objections are overruled in this respect.

the ALJ improperly assessed the plaintiff's RFC and that the ALJ's RFC determination was not supported by substantial evidence. The same result was just recently reached by the undersigned in another factually similar case. See Rowe v. Colvin, 2016 WL 3655576 (M.D.Pa. July 8, 2016).

In this case, the ALJ rejected the only medical opinion in the record addressing whether the plaintiff had disabling limitations precluding her from performing all work which was from Dr. Bernstein, her treating physician. There is no contradictory medical evidence in the record and non-medical evidence in the record provides support for Dr. Bernstein's opinion. Given this, the ALJ's RFC determination failed to properly consider Dr. Bernstein's opinion insofar as it was consistent with the overall record and supported by relevant evidence. As such, the report of Judge Cohn will be adopted. The objections of the Commissioner will be overruled and the decision of the ALJ will be vacated. The instant action will be remanded to the Commissioner for further proceedings in accordance with the report of Judge Cohn.

s/ *Malachy E. Mannion*<br>
**MALACHY E. MANNION**<br>
**United States District Judge**

**Date: August 29, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-0811-01.wpd